UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GEORGE SOROS, FEDERAL COMMUNICATIONS COMMISSION, FEDERAL TRADE COMMISSION, AND SECURITIES EXCHANGE COMMISSION,<br><br>　　　　　Defendants. | CIV. NO. 19-00125 LEK-RLP |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND
RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED
<u>IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

　　　　On March 8, 2019, pro se Plaintiff Ronald Satish Emrit ("Plaintiff") filed his Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] The Court has considered the Application as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, the Complaint is hereby dismissed without prejudice. In other words, Plaintiff has the Court's permission to file an amended complaint to try to cure the defects in the Complaint. In addition, the Court

will reserve ruling on Plaintiff's Application until Plaintiff files his amended complaint.

**BACKGROUND**

Plaintiff initiated the instant action against Defendants George Soros ("Soros"), the Federal Communications Commission ("FCC"), the Federal Trade Commission ("FTC"), and the Securities and Exchange Commission ("SEC" and collectively "Defendants") based on federal question and diversity jurisdiction. [Complaint at ¶¶ 14-15.] In his Complaint, Plaintiff appears to allege that Soros has engaged in "short-swing trading" of Facebook stock to manipulate the value of stock prices, and potentially violated "Rule 16(b) of the Securities and Exchange Act of 1934." [Id. at ¶¶ 20-22, 24.] Plaintiff also alleges that Soros appears to be attempting to get "Ajit Pai" and the FCC to "heavily regulate Facebook users and advertisements in addition to regulating other Silicon Valley companies which would have a 'chilling' effect on free speech." [Id. at ¶ 25.]

Plaintiff identifies six separate claims, that are not consecutively numbered. Plaintiff first alleges a claim for tortious interference of business relations/contract against Soros, based on the allegations that Soros's manipulation of stock prices of "Silicon Valley companies including, but not limited to Apple, Google, Facebook, Amazon, Microsoft, Yahoo!,

2

etc." has led to a decrease in Plaintiff's music sales because these companies allegedly distribute and/or sell Plaintiff's music ("Count I"). [Id. at ¶¶ 28-33.] Second, Plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, based on the allegations that Soros, FCC, and FTC have attempted to regulate Plaintiff's First Amendment right to free speech on Facebook ("Count II"). [Id. at ¶¶ 39-40.] Third, under "Count Eleven," Plaintiff appears to allege a due process violation against Soros for his attempts to lobby Congress to enact legislation that would allow the FCC and FTC to regulate Facebook and/or assess penalties if foreign companies were to advertise on Facebook ("Count XI"). [Id. at ¶ 48.] Fourth, under "Count Twelve," Plaintiff alleges a violation of the Privileges and Immunities Clause of Article IV, Section 2 of the United States Constitution against all Defendants, but appears to allege the FCC and FTC in particular have conspired to "heavily regulate and/or penalize Silicon Valley" companies for sharing the information of Facebook users ("Count XII"). [Id. at ¶¶ 53-54.[1]] Fifth, under "Count Thirteen," Plaintiff alleges a violation of the Americans with Disabilities Act of 1990

---

[1] Plaintiff alleges that "all five defendants have committed a blatant violation" of the Privileges and Immunities Clause, but Plaintiff has only named Soros, FTC, FCC, and SEC. [Complaint at ¶ 53.]

("ADA"), 42 U.S.C. §§ 12102, *et seq.*, because he suffers from certain mental health disorders and uses Facebook as a therapeutic method of engaging in social interaction ("Count XIII"). [Id. at ¶¶ 60-61.] Sixth, under "Count Six," Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, based on the allegations that Soros is responsible for any regulatory actions taken by the FCC and FTC that would diminish Plaintiff's use and access to Amazon, Google, and Facebook ("Count VI"). [Id. at ¶¶ 60-61; 69-71.] There are no Counts Three, Four, Five, Seven, Eight, Nine, and Ten.

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in*

4

>     *forma pauperis* complaint that fails to state a
>     claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th
>     Cir. 2001) (per curiam) (holding that "the
>     provisions of 28 U.S.C. § 1915(e)(2)(B) are not
>     limited to prisoners").

Id. at *3.

In addition, this Court has recognized that the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal

5

> courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (citation omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

**I. Venue**

At the outset, this Court notes that venue does not appear to be appropriate in this district court. Plaintiff has not alleged that any of the parties reside in, or that the allegations arise out of Defendants' actions in the State of Hawai`i.

"Venue in federal courts is governed by statute." Spagnolo v. Clark Cty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 181 (1979)). "The plaintiff has the burden of showing that venue is proper in this district." Id. (citing Piedmont Label Co. v. Sun Garden Packing

6

Co., 598 F.2d 491, 496 (9th Cir. 1979)). The general venue statute under 28 U.S.C. § 1391(b) provides that a civil action may be brought in any of the following:

>	(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>	(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>	(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1391(e) applies to FCC, FTC, and SEC ("Federal Defendants").[2] Section 1391(e)(1) provides, in pertinent part:

>	A civil action in which a defendant is . . . an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

---

[2] Soros is not included with the Federal Defendants because the Complaint does not allege that he is an officer or employee of any federal government agency.

### A. Section 1391(e)(1)

First, Plaintiff alleges that the Federal Defendants are all residents of the District of Columbia, and has not alleged that any of the Federal Defendants operate in the State of Hawai`i. [Complaint at ¶¶ 9-11.] To this end, district courts within the Ninth Circuit have generally ruled that federal agencies are deemed residents of the District of Columbia, regardless of the locations of their regional offices. See, e.g., Saba'A Mohammed Al Hada v. Pompeo, Case No. CV 18-8002-DMG (JPRx), 2018 WL 6264999, at *2 (C.D. Cal. Sept. 17, 2018) (denying preliminary injunction because venue in Central District of California was improper against federal individual defendants and federal agency defendants); Tsi Akim Maidu of Taylorsville Rancheria v. United States Dep't of Interior, Case No. 16-cv-07189-LB, 2017 WL 2289203, at *2 (N.D. Cal. May 25, 2017) (noting that federal defendants are generally held to reside in Washington, D.C. and not "in every judicial district where a federal agency has a regional office" (internal quotations and citations omitted)). Second, § 1391(e)(1)(B) does not apply because the Complaint does not allege facts that would support the reasonable inference that any of the actions or omissions giving rise to Plaintiff's claims against the Federal Defendants occurred in the State of Hawai`i. Third, because there is no real property at issue in this action and

Plaintiff appears to assert that he is a resident of Nevada although he keeps a mailing address in Florida, § 1391(e)(1)(C) does not apply. Accordingly, this Court concludes that venue is not appropriate as to the Federal Defendants under any of the criteria set forth in § 1391(e)(1).

B. **Section 1391(b)**

This Court must also determine whether the general venue statute applies to Plaintiff's claims against Soros. See e.g., Fisher v. United States, Case No. CV 14-6499-MMM (RNB), 2015 WL 5723638, at *5 n.2 (C.D. Cal. June 18, 2015) (some citations omitted) (noting that § 1391(e) applies to suits against government officers in their official capacities, while those sued in their individual capacities are governed by § 1391(b) (citing Stafford v. Briggs, 444 U.S. 527, 544, 100 S. Ct. 774, 63 L. Ed. 2d 1 (1980))).

Again, the Complaint fails to allege facts that would support the reasonable inference that venue is appropriate under § 1391(b) as to Soros. First, § 1391(b)(1) does not apply because Soros does not appear to reside in the District of Columbia, where the Federal Defendants are deemed to reside. Second, Plaintiff has not alleged that a substantial part of the events that give rise to his claims occurred in the State of Hawai`i. Because neither § 1391(b)(1) or (2) are applicable,

venue could be appropriate under (b)(3) if this Court were to determine that it has personal jurisdiction over Soros.

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant . . . : "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). "The jurisdictional inquiries under state law and federal due process merge into one analysis" when, as here, the state's long-arm statute is "co-extensive with federal due process requirements." Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). See Cowan v. First Ins. Co. of Hawaii, 61 Haw. 644, 649, 608 P.2d 394, 399 (1980) (Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, was adopted to expand the jurisdiction of Hawaii's courts to the extent permitted by the due process clause of the Fourteenth Amendment). Accordingly, personal jurisdiction over [the defendant] depends on federal due process requirements.
>
> The Due Process Clause protects a person's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The Due Process Clause requires that defendants have "certain minimum contacts with [Hawaii] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154; Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The minimum contacts required mean that the defendant must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking

the benefits and protections of the foreign jurisdiction's laws. See Asahi Metal Indus. Co. v. Sup. Court of Cal., Solano County, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). In applying Due Process Clause requirements, courts have created two jurisdictional concepts – general and specific jurisdiction.

A court may exercise general jurisdiction over the defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); Data Disc, 557 F.2d at 1287 ("If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities."). . . .

Specific jurisdiction, on the other hand, may be found when the cause of action arises out of the defendant's contact or activities in the forum state. See Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991); Data Disc, 557 F.2d at 1287. To ensure that the exercise of specific jurisdiction is consistent with due process in this particular case, this court must be satisfied that the following have been shown:

> 1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable.

Roth, 942 F.2d at 620-21.

11

Maui Elec. Co. v. Chromalloy Gas Turbine, LLC, 942 F. Supp. 2d 1035, 1041-42 (D. Hawai`i 2013) (some alterations in Maui Elec.) (footnote omitted).

First, nothing in the Complaint indicates that Soros is either a resident of the State of Hawai`i, or that he has any contacts with Hawai`i that are so "continuous, systematic, and substantial" that he would otherwise be at home in Hawai`i. See Helicopteros, 466 U.S. at 416. Because Plaintiff has failed to allege that Soros is either a resident of or has substantial contacts with Hawai`i, the Court finds that it does not have general jurisdiction over Soros. Second, none of the allegations in the Complaint indicate that Soros has any contact with or engages in any activities in Hawai`i. The Complaint alleges that Soros "purchase[d] . . . common, preferred, and/or treasury stock of Silicon Valley companies" in order to "annoy, threaten, or harass Silicon Valley companies," that Plaintiff alleges he has business or contractual relations with. [Complaint at ¶¶ 32, 34.] The Complaint also alleges that Soros interfered with Plaintiff's ability to use Facebook by "trying to lobby Congress . . . to enact new legislation and/or rules enabling provisions that would allow the FCC and FTC to regulate Facebook and/or assess penalties merely for allowing foreign companies to advertise on the Facebook platform/website." [Id. at ¶ 48.] None of these alleged events point clearly toward any

12

specific locations; however this Court cannot reasonably find that the alleged activities are related to or directed at the State of Hawai`i.

Because Plaintiff has not alleged that Soros has any forum-related activities, this Court concludes that it cannot exercise specific personal jurisdiction over Soros. Because the Complaint does not plead a basis for either general or specific personal jurisdiction over Soros, this Court concludes that it does not have personal jurisdiction over Plaintiff's claims against Soros. Accordingly, venue as to Soros under § 1391(b)(3) is not appropriate.

## II. **Dismissal or Transfer**

Once a district court determines that a case has been filed in the wrong division or district, it should either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992)), *report and recommendation adopted as modified*, 2016 WL 3440566 (June 20, 2016). Because it appears that Plaintiff has filed a similar case in several other

districts, including the United States District Court for the District of Alaska, under <u>Emrit v. Soros, et al.</u>, CV 19-00003 ("Alaska Action"), this Court declines to find that it is necessary to transfer this case elsewhere.  In light of Plaintiff's filings in other districts – particularly in the Alaska Action – this Court concludes that the interests of justice do not require it to transfer the instant case instead of dismissing it.  This Court therefore dismisses Plaintiff's Complaint based on improper venue.

### III. <u>Leave to Amend</u>

Because Plaintiff is pro se and it is arguably possible for Plaintiff to cure the deficiencies identified in the Complaint, this Court is required to grant Plaintiff leave to file an amended complaint rather than dismiss the action. <u>See</u> <u>Lucas</u>, 66 F.3d at 248.  If Plaintiff chooses to file an amended complaint, he must do so by **May 31, 2019**, and the amended complaint must: 1) allege facts that would support a conclusion that this Court has personal jurisdiction over Defendant Soros; and 2) allege facts that would support a conclusion that venue is appropriate in this judicial district as to all Defendants.  Plaintiff's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint.  He cannot

incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint.  This Court cautions Plaintiff that, if he fails to file his amended complaint by **May 31, 2019**, or if the amended complaint fails to cure the defects that this Court has identified in this Order, this Court will dismiss his claims with prejudice – in other words, without leave to amend.  Plaintiff would then have no remaining claims in this district court, and this Court directs the Clerk's Office to close the case.

This Court also emphasizes that it has only conducted a preliminary screening of the Complaint, analyzing the issues of venue and personal jurisdiction as to Soros.  If Plaintiff files an amended complaint, this Court will conduct further screening, including – but not limited to – analyzing whether Plaintiff states claims that satisfy the Rule 12(b)(6) standard.

### IV. Application

Insofar as this Court has dismissed the Complaint with leave to amend, this Court finds that it is not appropriate for it to rule on the Application at this time.  This Court will therefore reserve ruling on the Application until Plaintiff files an amended complaint.  If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Application and address whether

Plaintiff is entitled to proceed without prepaying fees and costs.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint, filed March 8, 2019, is HEREBY DISMISSED WITHOUT PREJUDICE. This Court GRANTS Plaintiff leave to file an amended complaint by **May 31, 2019**. The amended complaint must comply with the terms of this Order.

In light of the dismissal of the Complaint without prejudice, this Court RESERVES RULING on the Application to Proceed in District Court Without Prepaying Fees or Costs, also filed on March 8, 2019, pending Plaintiff's filing of an amended complaint and this Court's screening of the amended complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 30, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD SATISH EMRIT VS. GEORGE SOROS, ET AL; CIVIL 19-00125 LEK-RLP; ORDER DISMISSING PLAINTIFF'S COMPLAINT AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**