UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| RONALD SATISH EMRIT, | CIV. NO. 19-00125 LEK-RLP |
|---|---|
| Plaintiff, | |
| vs. | |
| GEORGE SOROS, FEDERAL COMMUNICATIONS COMMISSION, FEDERAL TRADE COMMISSION, AND SECURITIES EXCHANGE COMMISSION, | |
| Defendants. | |

**ORDER DISMISSING CASE WITH PREJUDICE**

On March 8, 2019, pro se Plaintiff Ronald Satish Emrit ("Plaintiff") filed his Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] On April 30, 2019, this Court issued an order dismissing the Complaint, with leave to amend, and reserved ruling on the Application until Plaintiff filed an amended complaint ("4/30/19 Order"). [Dkt. no. 5.[1]] The 4/30/19 Order warned Plaintiff that: "if he fails to file his amended complaint by May 31, 2019, or if the amended complaint fails to cure the defects that this Court has identified in this Order, this Court will dismiss his claims

---

[1] The 4/30/19 Order is also available at 2019 WL 1923629.

with prejudice – in other words, without leave to amend."
[4/30/19 Order at 15.]

Because Plaintiff has neither filed an amended complaint nor requested an extension of the May 31, 2019 deadline, this Court has the discretion to dismiss the Complaint with prejudice. See Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891-92 (9th Cir. 2019) (holding that dismissal with prejudice under Fed. R. Civ. P. 41(b) is appropriate if the plaintiff fails to comply with a court order requiring him to file an amended complaint);[2] see also Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Rule 41(b)). After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[3] this Court finds

---

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . :
> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

(. . . continued)

that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, the defendants will not be prejudiced by dismissal because Plaintiff did not serve the Complaint, and there are no less drastic alternatives available at this time.

    Plaintiff's Complaint, which this Court previously dismissed without prejudice, is HEREBY DISMISSED WITH PREJUDICE. In light of the dismissal, the Application is DENIED AS MOOT. This Court DIRECTS the Clerk's Office to close the case on **June 27, 2019**, unless Plaintiff files a timely motion for reconsideration of this Order as provided for in the Local Rules of Practice for the United States District Court for the District of Hawaii.

    IT IS SO ORDERED.

---

    the other party; (4) the public policy favoring
    the disposition of cases on their merits; and
    (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

DATED AT HONOLULU, HAWAI`I, June 13, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD SATISH EMRIT VS. GEORGE SOROS, ET AL; CV 19-00125 LEK-WRP; ORDER DISMISSING CASE WITH PREJUDICE**